**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OMAR HOOKS,

Plaintiff,

vs.

TRINITY FOOD SERVICES, *et al.*,

Defendants.

Case No.: 2:26-cv-01126-GMN-DJA

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Pending before the Court is Plaintiff Omar Hooks' Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 1). For the reasons discussed below, the Court DISMISSES this action without prejudice and DENIES Plaintiff's Motion as moot.

## I. INTRODUCTION

On April 10, 2026, Plaintiff Omar Hooks initiated this case. (*See generally* Mot. Leave Proceed, ECF No. 1). He listed his address as the Clark County Detention Center. (Compl. at 1, ECF No. 1-1). On the same day, the Clerk of Court sent Plaintiff an advisory letter with information about the legal process. (*See generally* Advisory Letter, ECF No. 2). The letter warned Plaintiff that his case could be dismissed if he failed to immediately notify the Court of any change of address. (*Id.* at 1).

On August 4, 2026, Magistrate Judge Albregts ordered Plaintiff to update his address no later than September 3, 2026, and warned that failure to do so may result in the Court dismissing the case. (Order 1:19–24, ECF No. 3). The Court was notified that mail to Plaintiff was returned as undeliverable on August 19, 2026. (Returned Mail, ECF No. 4). Plaintiff did not update his address, nor did he participate any further in this action. As of September 11, 2026, Plaintiff's only involvement in this case was to initiate the suit by filing a Complaint and

a Motion for Leave to Proceed *In Forma Pauperis*. (*See generally* Mot. Leave Proceed); (Compl.).

## II. LEGAL STANDARD

A district court is empowered to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## III. DISCUSSION

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without Plaintiff's updated address, the only alternative is to enter another order setting another deadline. The circumstances here

do not indicate that Plaintiff needs additional time, so setting another deadline is not a meaningful alternative. The fifth factor therefore favors dismissal.

On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for Plaintiff's failure to update his address in compliance with the Court's deadline.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 1), is **DENIED as moot.**

The Clerk of Court is kindly directed to close the case.

**DATED** this 16 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT